Mr. Watkins made a substantial preliminary showing that the affidavit submitted to search his hotel room contained intentionally or recklessly false or misleading statements and false statements and misleading omissions. It was therefore entitled to a Franks hearing. I don't plan to go over all of the misleading statements and omissions that are set forth in the brief. What I would like to do is talk about the most significant misstatement because I think it highlights the intentional or at best reckless conduct of Officer Schulter who prepared the affidavit. The officer says in the affidavit that Mr. Watkins didn't give the police consent to search him or his room to investigate an anonymous complaint of drug dealing. First, that statement shouldn't have been in the affidavit at all because Mr. Watkins' exercise of his Fourth Amendment rights can't be used to establish probable cause. But the bigger problem is that Officer Schulter's statement about Mr. Watkins not giving consent to search is grossly misleading. Numerous times before Christmas Day 2002, another officer, Officer Hale, approached Mr. Watkins and got his consent to search his room and all of those searches were unfruitful. They uncovered no evidence of drugs or drug paraphernalia. Do we know how many times that happened? No. The only word we have is in the notes and in the declaration of Officer Schulter is numerous. We don't know. We were denied an evidence hearing so we couldn't probe that fact further. So the one time he doesn't consent, he's got drugs. Well, I think that would be an unreasonable way to read that statement. Like I said, first of all, it's well established that a person's refusal to give consent cannot be used to establish probable cause. And I think just as reasonable if, and to the extent the court wants to consider that as a fact, it should also consider that the other searches should have been presented to the magistrate judge to put that final incident to rest. And I think that would be a reasonable way to read that statement in context. Just as reasonable interpretation, I would say a more reasonable interpretation is if somebody approached Your Honor and on several occasions and asked to search your home or your office and you gave consent repeatedly and they searched repeatedly and found nothing and then they came to your house on Christmas Day and said, we want to look again, this is the reason it seems to me that that just doesn't make any sense. It doesn't matter because the only thing that matters is what happened, what justifies this particular search. And it would be helpful to me, I guess, for you to explain why even if you take out all that you complain about, there still isn't enough left to justify the search. Your Honor, I'll do that. If you take out all the misleading statements and fill in the affidavit with the omissions that we contend are misleading, what you're left with is three anonymous sources mentioning drug dealing, which I think under this court's case law don't amount to much because there's no history from those anonymous sources as to whether they provide reliable sources and whether they prove reliable sources. So that's not much there. You have the confirmation of pretty innocuous details like the room Mr. Watkins was in, the fact that he went by the name of Big Rick. You have his prior record. You have his prior record. But as we point out in the briefs, one of the omissions was the fact that he hadn't suffered a conviction in about five years or more. And then you're left with what the government points to as to claim that there's probable cause for the search is one observation of a hand-to-hand sale. Well, it's not insignificant, is it? Well, I think that incident has to be put in context, and let's put it in context whether it may not be insignificant, but it doesn't amount to probable cause, and I'll explain why. And before I get to that, I would like to also point out, because we were denied an evidentiary hearing on this issue, we were denied the opportunity to fully flush out exactly what the officers who made that supposed observation saw and what they reported to Officer Shulter. So right now we're kind of limited to what's in the record because we're denied an evidentiary hearing. But what we do know is that an officer saw a woman approach a man outside of the hotel, saw something pass between them. Another officer then stopped the woman. The woman said, I bought a dime bag of marijuana. Here it is from somebody. I don't know his name. So she didn't say Big Mike. She didn't say Room 221. She just said, I don't know his name. And we have the other officer originally saw the hand-to-hand sale say that, okay, I looked at Mr. Watkins' DMV photo, and I think it's the same person. And I think that that is insufficient to establish probable cause because we know that there, because, again, there are omissions that when we put back in, we know that there are other investigations going on. For some reason that we never learned about, the police have maintained very vigilant surveillance on that location for reasons unassociated with Mr. Watkins. So we know there's other people dealing drugs out of there. We don't know who they are because they haven't told us. We don't know what they look like. We don't know if they look similar to Mr. Watkins. And given the fact that this hand-to-hand sale took place at night, I don't think you can put that much faith in an officer who's never seen Mr. Watkins before saying, that's definitely the person I saw in this DMV photograph. I will acknowledge that that is the most significant fact the government can point to in their effort to establish probable cause, but I maintain that it is not sufficient to establish probable cause, particularly once the omissions and the factual misstatements and the rest of the affidavit are corrected. I see I don't have much time left. I would like to briefly turn to the Booker-Omeline issue. As the Court knows, the opening brief in the government's brief in this case was filed before Booker, and the reply brief was filed before this Court's en banc decision in Omeline, which came out just last week. For that reason, the Court might want supplemental briefing on this issue, although I think that the remedy under Omeline now is pretty clear, that Mr. Watkins is entitled to a limited remand for the district court to determine whether or not, now knowing the advisory nature of the guidelines, it would have imposed a lower sentence. So I will leave it to the Court to instruct us if it would like further briefing on that issue. Otherwise, I would submit and reserve the rest of my time for rebuttal. But you're asserting that he does, if we decided he was entitled to it, he does want it. He's not waiving it. Yes, Your Honor. Good morning. May it please the Court, my name is Jaime Guerrero and I'm counsel for the appellee, the United States in this matter. I'd first like to start off with the defendant's misstatements or alleged misstatements and omissions in the academic support of the search warrant. Defendant takes issue with seven misstatements. Of those, three were never presented to the district court. So the government believes that at this point, this court should not review them because they were never a basis for a request for a Frank's hearing at the district court level. While they may be raised at this point, they were never raised before the district court for a Frank's hearing. That leaves four statements or omissions that the defendant complains about. Let's take the first one where the defendant claims the most serious. That's the one alleging that the affidavit was not telling the truth when he did not fully disclose the fact that there have been prior searches. What's important in that statement for the court is that the prior searches all came before the complaint made by the anonymous citizen. It's clear from the record, both in the affidavit as well as the notes at extra record number 17, which is the narcotic complaint, that what happened was there was an anonymous complaint. The officers followed up to find out who lived in that apartment or in that motel room. They then went to go talk to the defendant. At that point, he did not give consent. It is clear that all the searches came prior to the anonymous complaint. Am I understanding you that this was not raised to the district court? This was. This was, yes. The three that were not raised at the district court, Your Honor, are that he failed to make a or he made a misleading omission by failing to disclose that whoever made the complaint against him did not like him. That was the first one that was not raised. The second one being the fact that discussing the defendant's criminal history, that was not raised at the district court. And finally, the fact that he made a false statement regarding that he implied that he had spoken to the person who made the anonymous complaint. Those three were never raised at the district court. So three of the seven issues of the defendant complaints were never raised. That leaves four issues that were raised to this Court and to the district court. So, again, the timing, Your Honor, with regards to when the anonymous complaint was made against this defendant is important to determine whether or not those prior searches mattered in this context. Because in this case, we have a complaint being made. They then go talk to the defendant who refused to give consent to search the room. Let me ask this. Is there any evidence as to why those other searches were made? There is not. All we have from the record is the previous officer in his note saying that he had spoken to the defendant numerous times and he had conducted searches in his room, never finding anything. There's no reason. It could be because there was other investigation occurring there. We don't know that for certain from the record. But what we do know is that the crux of the reason why the defendant did not give consent was that it came after the first anonymous complaint that's reported before the district court to the magistrate judge. That's the first one, Your Honor. That's why we believe in that case, given the scenario and how it all played out, the fact that prior searches were not disclosed was not a material omission. As to the second, and that is regarding the fact that within the past few months, he says the past few months instead of saying seven months. The defendant takes much issue with the fact that why didn't he just say seven months? Well, looking at the affidavit in whole, it's a period of time that's being disclosed. First, there was an anonymous complaint. Then they discussed the fact that they went to the search, the motel room, didn't find anything. They discussed a hand-to-hand transaction. All this is occurring in a sequential order in the affidavit. There was no effort to mislead. It was basically saying this happened over a period of time. But that was a pretty stale complaint, wasn't it, seven months? Not necessarily, Your Honor. The government believes that it was not stale because, in fact, as the district court noted, at that time, for this purpose, the staleness wasn't really relevant because all that mattered was a defendant was living in that room. As the district court noted, there was some permanence to the base of operation, which it seemed to the court, to make the age of information less important. Because what we're talking about is a defendant living in this room, dealing narcotics out of this room. And there were further investigative tips that came up during this period to show that the defendant was, in fact, dealing narcotics in this room. The next statement is a law enforcement tip. They make much of the fact that a day before the search warrant was issued, they received a complaint from a law enforcement officer stating that, in fact, someone had made a complaint to that enforcement officer about someone dealing drugs out of room 221, the defendant's room. What's important is looking at the wording of that language. The defendant claims that the reason why it's misleading is because it appeared to be or appeared to imply part of an investigation. That is not, in fact, what it was. The language of the narcotics complaint by that law enforcement officer was exactly the same language used by the officer in this case to describe an anonymous complaint. He says it's a narcotics complaint. It came from information. There was nothing in the language discussing the fact that it came from an investigation. Therefore, on that case, Your Honor, again, this is an anonymous tip. And finally, the defendant takes issue with a request, investigation of a confidential informant, arguing that there's no information regarding that. There's no way to know whether it's reliable or not reliable. Therefore, it should be disregarded or just be considered as an anonymous tip. The government concurs in that. Let's take all of the statements and say they're all anonymous. The statement from the law enforcement officer, the statement from the confidential informant, the statement from the anonymous tipster in November, seven months earlier, taken, they're anonymous tips. And in and of themselves, they don't support probable cause. But looking at the totality of the circumstances of this case, they are sufficient, including that with a hand-to-hand transaction that the officers did witness the defendant conducting outside of the motel and the other statements in the affidavit that the defendant does not contest, considering the fact that the officer says, well, I believe I will find evidence of a narcotic transaction in this person's room for the following reasons. All of those things taken together in totality of circumstances would support a binding of probable cause, even assuming those statements were all anonymous tips that had no basis of reliability in and of themselves. And I would point to the court, to a case cited by the defendant, United States Bishop Mendonza, case number at 989F2nd366, knowing that an anonymous tip coupled with independent corroboration of predicted activity, even though innocent on its face, established probable cause. Here, this predicted activity, he's seen dealing drugs outside of the motel. And for those reasons, Your Honor, we believe as to the search warrant, there was probable cause, and the court should affirm on that basis. As to the sentencing, Your Honor, in this case, one of the elements that's missing that's not on the record is what the defendant admitted to during the change of plea, whether or not he admitted the gun was stolen or not stolen, to support the two-level enhancement that would, that took his offense level to 19. And based on that, Your Honor, given the evidence or the recent case in Ameline, the government would recommend a limited remand, conceded a limited remand is appropriate in this case, to allow the court to consider whether or not it would have applied a different guideline level based on knowing whether it was an advisory versus mandatory guideline, Your Honor. And on that, the government will submit. All right.  Thank you. Mr. Walker? Thank you. I think it's significant that even at this time, the government refuses to acknowledge how important the omission about the prior searches really is. I can't imagine something more relevant to a judge deciding whether there's probable cause to search a location for drugs than knowing that the very same location had been searched on numerous occasions and no drugs were ever found. The government's effort to say, well, it's different because there was this anonymous complaint made, there's two problems with that. One, it still doesn't excuse not putting that in context by disclosing the prior searches. But, two, presumably those prior searches happened because there were prior complaints. As the government acknowledged in response to Judge Fletcher's question, we don't know exactly why those prior searches happened. But we do know that seven months prior there was an anonymous complaint about drug dealing. And so nothing really changed between that period and this Christmas Day encounter. So I think there can be no doubt that that was a significant event and it's just one of many misstatements and omissions that were in the affidavit. And, therefore, Mr. Watkins is entitled to have his franks during the district court. Unless the court has any further questions, I'd submit. Okay. Thank you. Thank you. Good argument, Senator. The argument counsel matter just argued will be submitted.
judges: B. Fletcher, Rymer, Fisher